# Borland *versus* Guffey.

1 G    394
19 SC  643

1. A. made a proposition to B.; B. declined to accept, but made a different one to A. by a messenger, with which A. was satisfied, but did not notify B. of his assent. *Held*, that B. was not bound by it.

ERROR to the Court of Common Pleas of *Westmoreland county*.

[Borland *v.* Guffey.]

John Fullwood was an inn-keeper in Greensburgh, and indebted to Alexander Guffey and others, so as to render him unable to pay all his creditors. This was in 1851. The plaintiff, Guffey, sent his son, in the fall of that year, up to Greensburgh, to see Borland, and tell him that he had heard that he was about to buy, or had bought, Fullwood out, and that he wanted him to save his debt of one or two hundred dollars. The son called on Borland and told his errand, and the latter told him he had not bought out Fullwood, but he intended to do so, and if he did, he would save his father's debt, and that he should tell his father not to take out an attachment against Fullwood, as he contemplated, and he would save his money. The witness said he went home and told his father Borland's proposal, and that he agreed to it; but it was not shown that any notice of his agreement was given to Borland, who afterwards went on and bought out Fullwood's furniture, and paid for it in full.

Guffey then sued Borland upon this alleged assumpsit. On the trial, defendant requested the court to charge the jury "that there is no evidence in the cause to show that there was any notice given to the defendant of the acceptance of his proposal by the plaintiff; and that, therefore, the plaintiff cannot recover, and their verdict must be for the defendant;" to which the court, BUFFINGTON, P., gave the following answer:

"This is a suit brought to compel defendant to answer for the debts of John Fullwood. That debt, it is not controverted, was honestly due to the plaintiff. If the evidence is believed, Fullwood had sufficient property to pay the debt, which he was about to sell to the defendant, Borland; and, if the evidence of the plaintiff's son, William Guffey, is believed, the plaintiff was about to issue process to make the money out of that property. At this period, the plaintiff deputed his son to make some arrangement with the defendant about the debt, and it resulted in the agreement of the defendant to pay this debt, if the plaintiff would not seize this property for that purpose. That agreement was acceded to by the son and agent, and on being communicated to the plaintiff, he was satisfied, and ratified it; and if the plaintiff carried out this agreement by not issuing legal process, and interfering with the defendant's purchase, the court are of opinion that the contract was a valid one. The point is, therefore, answered adversely, and against the request of defendant's counsel." Verdict for plaintiff.

The answer of the court is the error assigned.

————, for plaintiff in error, referred to *Snyder* v. *Leibengood*, 4 Barr, 307; *Beiben* v. *Beck*, 4 Barr, 200; *Johnston* v. *Fisher*, 9 W. 48.

The opinion of the court was delivered January 8, 1857, by

Lewis, C. J.—This is an action to compel one man to be answerable for the debt of another. The promise and the consideration for it, must therefore be clearly established. Alexander Guffey sent his son William to James Borland with a message, that "if Borland would buy Fullwood's property, he would save Guffey $100 or $200 that Fullwood owed him; that if Borland would not do it, Guffey would take out an attachment on Fullwood to recover his money." If Guffey's son had been authorized to make an agreement for his father, and if the son had agreed not to take out an attachment, and Borland, on that consideration, had agreed to pay the debt, the parties would have been bound. But it does not appear that the son was authorized to make any agreement of the kind, or that any agreement whatever was entered into between Borland and William Guffey. On the contrary, Borland, instead of assenting to the consideration for assuming the debt, as proposed by the message of A. Guffey, sent a new message to Guffey requiring other terms. Guffey proposed not to take out an attachment, but Borland required not only that Guffey should not take out an attachment, but that he should "not *do anything more in the case,* and that he should *keep quiet, and let no person know anything about it.*" This was communicated to Guffey by his son, and the son says that his father was satisfied with it; but it does not appear that Borland was notified in any manner of Guffey's assent to the terms proposed. There was therefore no contract between the parties. It was essential, under the circumstances of the case, that Borland should have been informed of Guffey's assent to the new terms proposed. The court fell into error in answering the defendant's point in the negative.

Judgment reversed, and *venire facias de novo* awarded.