# Huber Manufacturing Company, Appellant, *v.* Smithgall.

*Contract—Offer—Acceptance—Sale of machinery.*

It may be said generally that an offer without more, is an offer in the present, to be accepted or refused when made. There is no time which a jury may consider reasonable or otherwise, for the party to whom it is made to consider it, except by the agreement or concession of the party making it. Until acceptance it may be withdrawn at any time, though it be the next instant after the making. But acceptance is not sufficient unless knowledge of such acceptance be given or had by the maker of the offer.

An agreement in writing for the lease of farm machinery showed on its face that it was not to become a contract until accepted by the manufacturer of the machinery. The machinery was intended to be used by the proposed lessee in the grain harvest to be reaped in a few weeks. The writing bore date June 10. It provided that the machinery shall be shipped "if practicable on or before June 15." The paper was not signed or approved by the manufacturer, but on June 16 it was turned over to the shipping department of the business, but no notice of this action was given to the proposed lessee. The latter awaited notice until June 28, when he withdrew his proposition by telegram. In the meantime the machinery had been shipped. *Held*, that the proposed lessee's withdrawal of his offer before knowledge or notice of acceptance relieved him from liability.

Argued Feb. 14, 1902. Appeal, No. 13, Feb. T., 1902, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1898, No. 434, on verdict for defendant in case of Huber Manufacturing Company v. Daniel Smithgall. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* among others was (7) in refusing binding instructions for plaintiff.

*H. T. Ames*, of *Ames & Hammond*, for appellant.

*C. LaRue Munson*, with him *Addison Candor* and *Frank P. Cummings*, for appellee, cited as to the necessity of an acceptance of the offer, and communication of such acceptance;

Hoffman v. Bloomsburg, etc., R. R. Co., 157 Pa. 174; White v. Corlies, 46 N. Y. 467; Vincent v. Woodland Oil Co., 165 Pa. 402; Bosshardt v. Crescent Oil Co., 171 Pa. 109; Childs v. Gillespie, 147 Pa. 178; Johnston v. Fessler, 7 Watts, 48; Slaymaker v. Irwin, 4 Wharton, 369; Emerson v. Graff, 29 Pa. 358; Warren Borough v. Daum, 73 Pa. 433, 438; Weiden v. Woodruff, 38 Mich. 130; Bronson v. Herbert, 95 Mich. 478; 55 N. W. Repr. 359; Aldine Press v. Estes, 75 Mich. 100; 42 N. W. Repr. 677; McCormick Harvesting Machine Co. v. Richardson, 89 Iowa, 525; 56 N. W. Repr. 682; Dyer v. Duffy, 39 W. Va. 148; 19 S. E. Repr. 540.

OPINION BY WILLIAM W. PORTER, March 14, 1902:

The paper which the defendant signed was (when delivered to the agent to be forwarded to the plaintiff company in Ohio), no more than a proposition or offer to lease from the company certain threshing machinery. By the terms of the writing it could only become a contract when accepted or approved by an officer of the plaintiff company. Until approval, it lacked the essential element of mutuality. Until then, there was no meeting of the minds of the parties. The machinery to be leased was intended to be used by the defendant in the grain harvest to be reaped in a few weeks. It was the known intention of the defendant to use the machinery in contracts to be made with third parties in advance of the harvest. The writing bears date on June 10, 1897. It provides that the machinery shall be shipped " if practicable on or before June 15." This stipulation, the character of the machinery, and the time at which, and the work in which, it was to be used, together indicate that promptness by the plaintiff in the acceptance or rejection of the offer, and in the delivery of the machinery, was essential to the defendant.

It may be said generally that an offer without more, is an offer in the present, to be accepted or refused when made. There is no time which a jury may consider reasonable or otherwise, for the party to whom it is made to consider it, except by the agreement or concession of the party making it. Until acceptance it may be withdrawn at any time, though it be the next instant after the making: Vincent v. Woodland Oil Co., 165 Pa. 402; East Penna. R. R. Co. v. Hiester, 40 Pa. 57.

But acceptance is not sufficient unless notice or knowledge of such acceptance be given or had by the maker of the offer: Emerson v. Graff, 29 Pa. 358; Warren Borough v. Daum, 73 Pa. 433; Bosshardt v. Crescent Oil Co., 171 Pa. 109; Borland v. Guffey, 1 Grant, 394; Hoffman v. Bloomsburg, etc., R. R. Co., 157 Pa. 174. In the case at bar it appears that the order or offer of the defendant, sent June 10, was never signed or formally approved by an officer of the plaintiff company, but that about June 16, the order was turned over to the shipping department by the treasurer of the company. No notice of this action was given to the defendant. He awaited notice until June 28, when he withdrew his proposition by telegram. It appears that the machinery had then been shipped. On its arrival, about July 3, the defendant declined to receive it. He is now sued on his alleged contract for the amount of the rent for the first year. On the facts above noted, the defendant's withdrawal of his offer before knowledge or notice of acceptance, relieved him from liability.

The trial judge, however, did not take this view of the case, but, regarding the writing as a contract, permitted the defendant to show that he was induced to sign the order for the machinery by the representation and promise of the agent of the plaintiff company that acceptance or rejection of the order by the company would be communicated to the defendant at once. This evidence was met by a somewhat feeble denial by the plaintiff's agent. The court submitted to the jury the question, whether such representation and promise were made. The plaintiff now complains that the court below erred in admitting the testimony and in submitting the question. Assuming, then, that the paper became a complete contract, the evidence of representation and promise by the agent (who was clothed with authority to procure the order), inducing the giving of the order, was admissible, notwithstanding the statements in the paper, that the " agreement covers all understandings pertaining to the sale. No verbal promise or agreement shall be valid as against or in addition to any of the conditions herein specified." The representation and promise, made by the agent, neither added to, nor detracted from, the expressed terms of the order. By its terms the paper required action by the plaintiff company before it could become a contract at

all. Power to bind his principle to a speedy decision upon the proposition tendered, was within the scope of the apparent authority of the agent who procured the submission of the order. On the theory that the paper actually became a contract, the evidence was properly admitted, and, taken in conjunction with the intended use of the machinery requiring prompt action in acceptance or rejection, was sufficient both in quality and quantity to warrant its submission to the jury.

The judgment is affirmed.