## Mayo *v.* Koller, Appellant.

*Contract—Sale—Mutuality—Principal and agent.*

A writing in the form of an order to ship trees, although stated to be a contract and not "subject to countermand," is not a contract, and may be countermanded, where there is nothing in the writing itself to show an agreement to deliver, and the order was not accepted by the person to whom it was directed, or by his agent.

Argued March 14, 1905. Appeal, No. 16, March T., 1905, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1903, No. 175, on verdict for plaintiff in case of Emerson S. Mayo, trading as Glen Bros. v. J. H. Koller. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for breach of contract. Before E. W. BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant filed the following points:

1. No consideration having passed to the defendant from the plaintiff at the time the order was given, she was at liberty to withdraw or revoke same on January 5, 1903. *Answer :* This point is refused. An examination of the papers of December 30, 1902, in connection with the other evidence, indicates that they were contracts, not mere orders. They were manifestly so intended and understood by the parties. [1]

2. If the defendant revoked the order of December 30, 1902, on January 5, 1903, before she was notified of its acceptance by the plaintiff, is not entitled to recover. *Answer :* This point is refused. [2]

4. A written order given to an agent of a firm to ship goods does not become binding until accepted. *Answer :* This proposition is correct, but in the present instance it has no application, for the papers dated December 30, 1902, were contracts, as we have ruled in answer to point 1 of defendant. [3]

5. The assent of the parties must be communicated to each other to render an order binding. *Answer :* We have ruled in response to points 1 and 4 of defendant that the papers dated December 30, 1902 were contracts. [4]

Verdict and judgment for plaintiff, for $142.75. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*S. B. Sadler*, with him *J. L. Shelley*, for appellant.—The engagement was all on one side. The one to whom it was addressed not being found, it was a nudum factum :- Johnston v. Fessler, 7 Watts, 48 ; Slaymaker v. Irwin, 4 Wharton, 369 ; Shupe v. Galbraith, 32 Pa. 10 ; Emerson v. Graff, 29 Pa. 358.

A written order given to an agent of a firm to ship goods does not become binding until accepted : Weiden v. Woodruff, 38 Mich. 130 ; Goodspeed v. Plow Co., 45 Mich. 322 (7 N. W. Repr. 902) ; Aldine Press v. Estes, 75 Mich. 100 (42 N. W. Repr. 677) ; East Penna. R. R. Co. v. Hiester, 40 Pa. 53 ; Bronson v. Herbert, 95 Mich. 478 (55 N. W. Repr. 359).

Besides, there must be a consideration to render a parol agreement enforceable : Sheperd v. Jones, 8 Watts, 500 ; Fisher v. Harrisburg Gas Co., 1 Pearson, 118 ; Alcorn v. Christian, 4 Pa. Superior Ct. 594.

*J. W. Wetzel*, with him *Conrad Hambleton*, for appellee.— Where a contract of sale is in lawful form the vesting of the title depends upon the intention of the parties to be derived from the contract and its circumstances, but such intention cannot be inferred where the vendor has no title or the goods are not specified : Winslow v. Leonard, 24 Pa. 14 ; Commonwealth v. Hess, 148 Pa. 98.

OPINION BY BEAVER, J., April 17, 1905:

The plaintiff, through his solicitor, procured the following order:

"MECHANICSBURG, PA., December 30, 1902.
" GLEN BROTHERS, Nurserymen,
" ROCHESTER, N. Y.

" You will please have dug and furnish me the following nursery stock for the improvement of my property, for which I am responsible, and for which I agree to pay you, or your delivery agent, the prices set opposite the respective articles, amounting to $123.50 in cash, on delivery at my residence, in

the month of April or May, 1903.  Should any part be omitted, the price of such shall be deducted.  The stock when delivered shall be in a healthy and thrifty condition.  I agree that this order shall not be subject to countermand.

" Standard apple and pear trees to be not less than five feet high, cherry and plum trees not less than four and a third feet. All stock that fails to live, except evergreens, to be replaced at one-half price at next delivery in my town, provided you are notified by August 1st following the planting and said notice is accompanied by this contract.

"I hereby admit the correctness of the written names and description of the articles within ordered and further that this contract, a copy of which I have, covers all terms, conditions or agreements between your agent and myself in relation to this contract.

(Purchaser's signature) " Mrs. J. H. KOLLER."

Then follow the various items with prices attached, aggregating $123.50.  This and two like orders for smaller sums constitute the claim of the plaintiff.

The main question in the case is this : Does this paper constitute a contract binding upon the defendant?  It calls itself a contract but this does not of itself make it one.  It is not signed by the plaintiff nor on his behalf.  This does not, of course, invalidate it, if the essential elements of a contract otherwise appear.  The signing of it by the defendant does not import consideration, therefore the consideration, if any, should appear upon its face.  A contract to be binding must be mutual.  Mutual promises constitute a good consideration.  But where is there mutuality in this paper?  Does the plaintiff agree to do anything?  If he does, we cannot discover it.  He does not agree to deliver the goods ordered and there is no obligation of any kind on his part, either express or implied, to do so.  On the contrary, he expressly disclaims liability, for he says : " Should any part be omitted, the price of such shall be deducted."  Suppose the whole were omitted and no delivery of any kind had been made to the defendant, could she, under this contract, have held the plaintiff liable for damages?  It would seem that she could not.  We are at a loss, therefore, to find the elements of a contract anywhere in the paper.

If it be said that the agent of the plaintiff had the right to contract for the sale and delivery of the articles mentioned in the order, did he so agree? And, if so, where was his authority to bind his principal? The party alleging agency must prove it. It is true that an attempt was made to prove an agency on the part of the plaintiff, but what is that proof on the plaintiff's own showing? The question was asked of the alleged agent: " Q. What is your authority relating to these orders when they are made? A. Well, just as soon as accepted I always considered it was a binding contract between the party who takes the goods and Glen & Co., and I suppose I have the power." That is the case in a nutshell. It was a contract as soon as accepted. Accepted by whom? By the plaintiff, of course, either by himself or by his agent. If by his agent, he was bound to show the authority, but this shows no authority on the part of the agent. It is simply his opinion as to what the paper constituted and still further only his opinion or supposition as to whether or not he had the power to accept on the part of the plaintiff and agree to the delivery of the goods. This proof falls far short of what is required to constitute an agent who can bind his principal.

There was, however, some parol testimony of a general character as to the agent's authority to make contracts. On the other hand, it appears from the paper itself that " our agents are not authorized to vary from the printed terms hereto attached," and in the part of the paper signed by the defendant it appears " That this contract, a copy of which I have, covers all terms, conditions or agreements between your agent and myself in relation to this contract." It would, therefore, appear from the order in evidence, upon which the plaintiff relies, that the agent, having no authority to vary from the printed terms, could not have bound the plaintiff in any way by any parol agreement as to delivery, etc. If, therefore, no mutual obligation can be gathered from the paper itself, it would seem as if the agent could not have bound his principal by anything which he said or did. But even if he could, it appears from his testimony that he did not do so. The mutuality, and hence the binding character, of the contract, if there was any, is, therefore, to be gathered from the paper itself and, as it nowhere appears, either directly or by implication, that the plain-

tiff promised to deliver the goods ordered or to be bound in any way by the terms of the agreement, we cannot read other stipulations into it which would bind him. We, therefore, reach the conclusion that the paper which itself declared that J. H. Koller was the purchaser, signed by Mrs. J. H. Koller, is not a contract which would bind the latter, even assuming that she was the real purchaser, for the reason that it lacks the essential element of mutuality.

It is admitted that the contract was never formally accepted by the plaintiff. Before the goods were delivered—in fact before anything was done toward their delivery—the defendant countermanded the order, for what would seem to have been a very good reason. Writing from Mechanicsburg, January 5, six days after the order was given, she says:

" Gentlemen :—

" On December 30, 1902, I gave Mr. E. Aldrich an order for trees, etc., and now wish to have same cancelled for the following reason :

" Sometime ago I gave an order for the same articles to a gentleman in this town who is to deliver and plant same and which was entirely forgotten when the present order was given. I cannot allow both orders to stand and, therefore, must cancel the last given.

" You will, therefore, cancel the entire order, as given Mr. Aldrich, as per copy left with me, one amounting to $123.50, the other $14.75."

The receipt of this letter was expressly admitted in his testimony by the plaintiff's witness who had charge of his correspondence and who dictated the reply thereto.

It will be said, however, that in the order she expressly agreed that it was not subject to countermand. But if it was not a contract, executed and binding at the time it was signed, that part of it bound her no more than any other part and, therefore, if it was countermanded before it was accepted by the plaintiff, the countermand was good. We think, therefore, the court was in error in refusing the first, second, fourth and fifth points for charge, all of which were refused on the ground that the orders in evidence, in connection with the other evidence, in the case, constituted contracts and, therefore, bound

the defendant. No contract having been shown, the plaintiff was not entitled to recover and the jury should have been so instructed.

A somewhat similar case has been considered by the Supreme Court of Michigan in Bronson v. Herbert, 95 Mich. 478 (55 N. W. Repr. 359). The order in that case is, in all essential particulars, similar to the one which we have been considering, and it was held, reversing the court below, that an order to ship trees, given to an agent, does not become a binding contract between the orderer and the principals until accepted.

In view of the conclusion which we have reached in regard to the legal construction of the written papers upon which the plaintiff bases his claim, it is unnecessary to consider the other question of compromise and the reasonable time within which it was necessary to accept it, raised by the appellant.

Judgment reversed.