## Claro Milling Company v. Davis Brothers.

*Contract—Sales—Confirmation of sale—Notice—Principal and agent.*

1. Where a written agreement for sale of goods provides that "when confirmed by home office this order becomes a contract," no contract is effective until the acceptance by the home office has been duly communicated to the buyer.

2. Under such circumstances, the buyer can cancel an order at any time before due notification of its acceptance is communicated by the seller's agent to him.

3. If the evidence is conflicting as whether notice of acceptance was given, the case is for the jury.

Motion for judgment *n. o. v.* C. P. Luzerne Co., Jan. T., 1919, No. 294.

*Thomas Butkiewicz* and *H. B. Hamlin,* for plaintiff.

*Arthur H. James,* for defendants.

STRAUSS, J.—On March 20, 1918, the plaintiff, whose place of business was at Minneapolis, through an agent, attempted to sell to the defendants, in the City of Wilkes-Barre, a carload of barley flour (450 barrels), at $13.50 per barrel.

A written form of contract was submitted to the defendant by the agent, which contained the clause: "When confirmed by the home office, this order becomes a contract."

2 D. & C.

The defendants signed the paper and the agent at once communicated by telegraph to the home office the fact that this proposition had been signed by defendants.

On the next morning, March 21st, by telegram to its agent, the plaintiff confirmed the sale, and the agent testified that he had at once notified the confirmation to E. W. Davis, one of the defendants, and by his instruction obtained from defendants' clerk a list giving assortment of sizes required by the defendants, which he telegraphed to the plaintiff at once; and there is testimony by depositions taken in Minnesota that plaintiffs on the same day (the 21st) bought the barley and the several sized sacks required for the order. The defendant, E. W. Davis, called as a witness, denied that any notice of confirmation or instruction as to assortment had been given, and on March 22nd sent a telegram to the plaintiffs canceling the order.

Thus, a clear and distinct issue of fact arose between the agent and E. W. Davis, and that issue was submitted to the jury (who found in favor of the defendants) as follows:

"The paper . . . is not a complete contract. . . . The plaintiffs did not by that paper agree to sell. They agreed to sell only if, after the paper got into their hands, they . . . confirmed at the home office. . . . It is the general law that where one makes an offer to do a certain thing, to buy a certain article, for instance, at its given price, and submits that offer to the other side, he has a right to withdraw the proposition at any time before it is accepted, but he has no right to withdraw it after it is accepted. . . . Now that is the law, and the question then arises, what constituted actual confirmation? If this were a contract in which Davis Brothers had written a letter to this plaintiff in Minneapolis and made the offer by letter, then the contract would be a completed and confirmed contract the moment that the plaintiff deposited in the post-office his answer to that letter accepting the offer. . . . Or the moment they deposited their answer with the telegraph company to be transmitted to Davis Brothers; and if they had transmitted their answer directly to Davis Brothers . . . on the evening of the 21st, Davis Brothers would be bound by the contract, and would be liable for damages, provided that the notice of the confirmation was addressed to Davis Brothers. But that notice was not addressed to Davis Brothers, if the evidence on behalf of plaintiff is accepted. . . . It was addressed to the plaintiff's agent, to be delivered to Davis Brothers. That being so, . . . the confirmation was not completed by giving notice to the agent of the plaintiff, but was only completed by bringing notice home to Davis Brothers, and there comes the narrow question of fact— was that notice brought home to Davis Brothers before they canceled the contract? If it was, then Davis Brothers had no right to cancel. . . . If it was not, then Davis Brothers had the right to cancel. Now, was it?"

To sustain the plaintiff's motion now under consideration, it has been argued that the confirmation by the plaintiff produced a "meeting of minds" between the parties which made the contract complete, though a knowledge of the occurrence has not been brought home to the defendant. In other words, it is argued that a mere psychological condition in Minneapolis without notice of the acceptance of the offer to purchase would, under the contract as it was drawn and signed, have been sufficient to bind the defendants, especially so, in view of the evidence that the plaintiffs at once purchased the sacks and the barley with which to fill the order, which purchases, it is argued, are "overt acts" proving the existence of the contract.

For this proposition the plaintiff cites Cosgrove v. Woodward, 49 Pa. Superior Ct. 228. That case is an exact authority for the instructions as we gave

them to the jury. It involved the sale of 3000 sacks of potatoes by the plaintiffs, who were merchants in Ireland, to the defendants, who were merchants in Philadelphia. As the result of an offer communicated by cable on April 17, 1909, to sell the goods at a certain price and to ship by steamship Haverford, requesting confirmation, the defendants on the same day sent a cable to the plaintiffs, "We confirm the purchase;" but about an hour later sent another cable, "Please cancel our previous telegram and substitute the following—we confirm the purchase 'Friesland.' We cannot accept Haverford," to which the plaintiffs answered: "Telegram came too late. Have secured freight room for 3000 'Haverford.' Cannot secure freight on 'Friesland;' all taken up."

Commenting upon this state of affairs, the Superior Court, per Morrison, J., said: "This we consider a clear and definite purchase made by the appellants. . . . The appellants could not abrogate this contract by cablegram sent an hour later without the consent of the appellees."

But in that case no question arose as to the sort of notice required to complete the acceptance. The correspondence was directly between the two parties and not between the seller and his agent, who was to communicate the acceptance to the buyer.

In Benjamin on Sales, § 38, we find: "The assent (acceptance of the offer) must either be communicated to the other party or some act must have been done which the other party expressly or impliedly offered to treat as a communication. . . . A mere mental assent is insufficient."

In the foot-note to this text the principle is illustrated by a question from a decision in time of Edward IV: "The thoughts of a man are not triable, for even the devil does not know what the thought of man is."

In Benjamin on Sales, § 41, it is stated: "A proposer may withdraw his offer, so long as it is not accepted, . . . provided that the retraction is duly communicated before the offer has been accepted."

In Williston on Sales, § 5: "The principles of mutual assent which govern all simple contracts find illustration here. In the formation of a bargain, intention of the parties does not mean secret intention, nor, generally, even intention manifested to third persons, but only the intention manifested to the other party."

And in Huber v. Smithgall, 19 Pa. Superior Ct. 641: "It may be said, generally, that an offer, without more, is an offer in the present, to be accepted or refused when made. . . . Until acceptance, it may be withdrawn at any time, though it be the next instant after the making. . . . But acceptance is not sufficient unless notice or knowledge of such acceptance be given or had by the maker of the offer."

Warren Borough v. Daum, 73 Pa. 433, 438: "Upon general principles, when one seeks to establish a contract predicated on a general proposal made by the other party, he must show that the one making the proposal was duly notified of the acceptance thereof."

So, also, Emerson v. Graff, 29 Pa. 358; so the New Prague Flouring Mill Co. v. Kirschner, 70 Pa. Superior Ct. 74, is based upon the same principle.

We also refer to 9 Cyc., 285: "An order given to an agent, who has no authority to accept it, but only to forward it to his principal for approval, is revocable at any time before it is accepted by the principal and the acceptance communicated to the offerer."

And at page 272: "Communication of acceptance to a third person, not the offerer's agent, is of no more effect than noting it in one's memorandum, which is no more than though it existed solely in one's mind."

2 D. & C.

This latter is in line with Benjamin on Sales, § 38, that "mental assent is not sufficient."

Altogether, it seems to us to be elemental that a communication made to the plaintiff's own agent, and not brought home to the vendee, is totally insufficient. That this plaintiff did not bring notice of acceptance home to these defendants is concluded by the verdict.

Nor do we find anything in Hoffman v. Railroad Co., 157 Pa. 174, that is applicable here or suggesting any modification of the general rule.

Motion for judgment n. o. v. is denied, and judgment is directed to be entered on the verdict.

From F. P. Slattery, Wilkes-Barre, Pa.