# New Prague Flouring Mill Co. *v.* Heen, Appellant.

*Contracts—Offer—Rejection—Subsequent acceptance.*

A plaintiff which has rejected an offer to purchase, cannot subsequently accept the same and bind the defendant, unless the latter has consented to the subsequent acceptance.

When an offer has been rejected it ceases to exist and cannot thereafter be accepted, even though the acceptance is made within a time which would have been sufficiently early had there been no rejection.

Argued March 5, 1924. Appeal, No. 3, Feb. T., 1925, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1921, No. 1081, in favor of plaintiff, for want of a sufficient affidavit of defense in the case of New Prague Flouring Mill Company v. Adeline Heen, Executrix of Joseph Heen, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract for sale of flour. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the judgment of the court.

*Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.—The offer having been definitely refused could not be revived without further action by the defendant: 13 Corpus Juris, 296, sec. 110; Bower v. Blessing, 8 S. & R. 243; Eliason v. Henshaw, 4 Wheat. 225; Carr v. Duval, 14 Pet. 77; National Bank v. Hall, 101 U. S. 43, 50; Hyde v. Wrench, 3 Beavan 334; Fox v. Turner, 1 Bradwell 153; Minneapolis and St. Louis Ry. v. Columbia Rolling Mill, 119 U. S. 149.

*Jos. F. Gunster,* of *Jessup, Gunster & Rose,* for appellee.

OPINION BY KELLER, J., April 21, 1924:

This is an appeal from a judgment in an action of assumpsit entered for want of a sufficient affidavit of defense. The case must therefore be considered as if the averments of the affidavit were true; and the judgment can stand only if the facts thus averred, giving them their fair intendment, would, if proven on the trial, be insufficient to support a verdict for the defendant.

The claim is based on a written agreement for the purchase of flour signed by the defendant, Heen, and accepted in writing by the plaintiff, thus constituting a contract, which Heen refused to perform, thereby entitling the plaintiff to damages as stipulated in the contract. After suit was brought and the affidavit filed Heen died and his executrix was substituted as defendant.

It is clear that the paper signed by Heen, until accepted by the plaintiff, was not a contract. Paragraph

seven expressly so provides. It was only an offer, subject to withdrawal until accepted: Mayo v. Koller, 28 Pa. Superior Ct. 91; Huber Mfg. Co. v. Smithgall, 19 Pa. Superior Ct. 641; N. W. Consolidated Milling Co. v. Allebach, 82 Pa. Superior Ct. 563. Plaintiff's agent who took the order had no power to make a binding sale; his authority was limited to securing orders and forwarding them to the home office, where, if accepted, they became contracts; if declined, they were of no effect.

The writing provides that this acceptance shall be timely if made within twenty days from the date of the offer, but of course, the plaintiff was not precluded from acting at any time before the expiration of that period, and having once communicated its decision, the status became fixed; if the offer was accepted, the contract went into effect; if declined, the offer fell and could not be revived by a later acceptance without the express consent of Heen: Bower v. Blessing, 8 S. & R. 243. The law is correctly stated by Mr. Williston in his work on Contracts (Vol. 1, section 51, p. 85) as follows: "When an offer has been rejected it ceases to exist and cannot thereafter be accepted even though the acceptance is made within a time which would have been sufficiently early had there been no rejection." If the plaintiff rejected the offer, Heen was not called upon to withdraw it or give it further attention, for by the plaintiff's own act the offer was no longer open to acceptance.

The affidavit avers that at the time of securing the offer from the defendant, plaintiff's agent agreed with defendant that it must be accepted by the plaintiff within twenty-four hours after execution or otherwise it should not be binding on either party; that pursuant thereto said agent telegraphed the plaintiff at its home office the terms of said order, and the price, and quantity of the flour therein mentioned and the date of said writing; that on receipt of said telegram, the plaintiff telegraphed said agent that it could not accept said offer. The agent at once notified defendant that the plaintiff

would not accept the offer and that it was "off," that is, no longer of any force or effect; and pursuant thereto defendant went into the market and bought other flour to meet the needs of his business at an increased price.

If this was true,—and for present purposes we must assume it to be so,—we think this constituted a good defense; the plaintiff could not later, but within twenty days of the date of the offer, on a falling market, accept the offer in writing and hold defendant liable in damages if he refused to recognize its validity.

We need not decide whether it would be competent to introduce evidence of the parol agreement that the offer had to be accepted within twenty-four hours, for the purpose of changing or altering the terms of the contract; that is, if the offer had not been rejected by the plaintiff, but had been duly accepted within the twenty-day period, we do not decide that the defendant could have escaped the obligations of the contract by introducing parol evidence that the acceptance had to be made within twenty-four hours. But we do hold that in the circumstances of this case it is competent evidence to throw light on the purpose and intent of the telegrams which passed between the plaintiff and its agent and justified the agent in reporting to defendant plaintiff's refusal to make the contract.

Of course the plaintiff's agent could not, of his own authority, reject the order on plaintiff's account; the writing expressly withholds such power, and the affidavit alleges no such rejection by the agent. But the plaintiff had the right to decline the offer at any time and could communicate such rejection through any agent it saw fit to use for that purpose. The order provides that it shall not bind the seller until it has mailed, or placed in course of transmission by telegram, to buyer, its acceptance or confirmation from either its home office or its branch office at Pittsburgh, Pa., or Des Moines, Ia.; but it in no manner limits the seller's ways or methods of

rejecting the offer, which may be in writing or by parol, direct or through its agent.

The telegraphic messages between the plaintiff and its agent were not general communications on prices and terms; they related solely to this particular order, and were for no other purpose than to determine whether this order would be accepted. The very object and design of their dispatch contemplated their communication to the defendant. Certainly a jury could reasonably find, from their very content, as set forth in the affidavit, that it was the purpose and intent of the plaintiff that its refusal to make the contract should be communicated to the defendant; and that the action of the agent in doing so was impliedy authorized.

If authorized, it follows that the plaintiff has no case. It cannot play fast and loose. It cannot reject the order on a rising market and then, face about, and accept on a falling market. Having elected to refuse the offer, it is bound thereby and the order was no longer of any force.

The judgment is reversed with a procedendo.