## McCrea *v.* Automatic Heat, Inc., Appellant.

Argued October 16, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Robert L. Trescher,* for appellant.

*William Jay Leon,* for appellee.

OPINION BY DITHRICH, J., November 12, 1947:

On July 2, 1946, plaintiff signed an agreement in the presence of a salesman for defendant for the purchase and installation of certain heating equipment. The agreement provided that it should not become effective or binding "on the Seller until approved by one of its officers, or other authorized executives." It was approved by defendant August 2, 1946. The agreement further

provided that installation of the equipment was to begin in about thirty to sixty days. On September 23, 1946, plaintiff wrote defendant canceling the agreement, and by letter dated September 26, defendant notified plaintiff that it could not and would not accept a cancellation of plaintiff's order.

Plaintiff then brought this action in assumpsit for the recovery of the sum of $153, which defendant had received on account of the total charges of $670.50. Defendant filed an answer and counterclaim for anticipated profits in excess of the amount received by it on July 2. Plaintiff filed a demurrer to the answer and counterclaim, which the court below considered as a motion for judgment on the pleadings under Rule 1034, Pa. R. C. P., and entered judgment for plaintiff. Defendant appeals.

The case turns on the effective date of the contract. If it was July 2, 1946, as contended by plaintiff, and as ruled by the learned judge of the court below, the sixty days in which installation was to have been commenced would have expired not later than August 31, 1946. If, however, the effective date was the date when the contract was approved by defendant, to wit, August 2, 1946, then September 26, 1946, the date when the defendant offered to install the equipment and completely perform its agreement, was well within the period of sixty days.

In rejecting defendant's contention that the effective date of the contract was August 2, 1946, the learned court said: "It will be noted that there was no limitation upon the time for approval, and if the defendant's contention was accepted there would be an utter lack of mutuality, for the buyer would be bound, but the seller would have an indeterminate period of time to make up his mind, and then would have thirty to sixty days from that time to begin performance."

The learned court fell into error in holding that the seller would have an indeterminate period of time to

make up his mind. Where no definite time is specified for the acceptance or approval of a contract, a reasonable time is allowed. It is not contended that the contract was not approved by defendant within a reasonable time. If plaintiff felt that defendant was unduly or unreasonably delaying its approval, he could have canceled the contract at any time prior to the date when he was notified of its confirmation. An order which requires approval or confirmation by an officer or authorized executive before it binds the seller is not a contract until so confirmed and is subject to revocation by the purchaser until notified of such confirmation. *Northwestern Consolidated Milling Company v. Allebach*, 82 Pa. Superior Ct. 563; *Mayo v. Koller*, 28 Pa. Superior Ct. 91.

The learned court further held that "when the contract was approved by an officer of the defendant, the provision for time of performance thirty to sixty days from July 2nd became binding on the seller." But since August 2, 1946, the date "when the contract was approved by an officer of the defendant" is likewise the date when the contract became effective—"A contract is made at the time when the last act necessary for its formation is done," Restatement, Contracts, section 74—there could be no relation back to the date when the offer to purchase was made. The governing principle is correctly stated in 1 Williston, Contracts, section 96:

"Undoubtedly, the parties must be regarded as making manifestations of assent at the same moment in order to form a contract. *But this result is reached by the continuance of the offer to the time of acceptance, not by a relation back of the acceptance to the time when the offer was first made.* As has been pointed out if the doctrine of relation were applied even as between the parties themselves, the consequence would be that an offer might be accepted in spite of the death or insanity of the offeror occurring after the making of the offer

but before the acceptance, and it would even be true that no offer could be effectually revoked, as an acceptance whenever made would by relation precede the revocation." (Emphasis added.)

The judgment is reversed with a procedendo.