NORTHWESTERN CONSOL. MILLING CO. v. ROSENBERG et al.

(District Court, E. D. Pennsylvania. October 3, 1921.)

No. 8136.

1. **Frauds, statute of** ☜118(1)—**Sale contract evidenced by unsigned memorandum not taken out of statute by application by buyers for shipping permit.**

A sale contract, evidenced by a memorandum not signed by the buyers and so not enforceable under Sales Act Pa. May 19, 1915 (P. L. 543),[2] is not taken out of the statute by a signed application by the buyers for a shipping permit, which was made to a third party and would require oral evidence to connect it with the unsigned memorandum.

**2. Frauds, statute of ⬡89(3), 90(2)—Requests by buyers granted by seller held not acceptance or receipt of goods taking contract out of statute.**

Requests to extend the time for payment of drafts, and to allow merchandise to remain in a warehouse for a considerable time, made by buyers and granted by seller, do not constitute an acceptance or receipt of goods, so as to take a contract out of the statute.

At Law. Action by the Northwestern Consolidated Milling Company against Jacob Rosenberg and others on affidavit of defense raising question of law. Sustained with leave to plaintiff to amend.

Levi & Mandel, of Philadelphia, Pa., for plaintiff.

Englander, Cohen & Korn, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. [1] In the affidavit of defense, it is set up as a bar to the suit that the alleged contract sued upon is unenforceable, because it is not based upon a note or memorandum in writing of the contract or sale signed by the party to be charged; i. e., the defendants, or their agents in that behalf, as required by the Sales Act of May 19, 1915 (P. L. 543 [Pa. St. 1920, §§ 19649–19726]).

The application for the shipping permit is made to a third party, and not to the plaintiff, and it would require oral evidence to connect it with the unsigned memorandum. Moreover, the unsigned memorandum contemplates on its face that it is to be signed by the purchaser and returned to the seller, and that it is subject to confirmation by the seller. In their contention that the unsigned memorandum and the signed shipping permit are not sufficient in themselves to support an action, the defendants are supported by the authorities. Manufacturers' Light & Heat Co. v. Lamp, 269 Pa. 517, 112 Atl. 679; Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 113 Atl. 202.

It is set up as another ground of demurrer that the statement of claim fails to allege delivery either to the defendants or to a carrier within 60 days as required by the terms of the alleged contract. There are, however, averments in the statement of claim of requests by the defendants granted by the plaintiff for extension of time for payment of the draft, and the plaintiff contends that such extensions at the defendants' request constitute a waiver on their part, and, through having induced the plaintiff to allow the merchandise to remain in a warehouse for a considerable length of time at their request, the defendants are estopped from setting up the statute as a defense.

[2] The plaintiff further contends that such conduct on the part of the defendants constituted an acceptance of the merchandise. The statement of claim does not contain sufficient averments either of acceptance or receipt of the goods by the defendants to establish the plaintiff's contentions as matter of law.

The plaintiff has leave to amend the statement of claim within 15 days; otherwise, judgment will be entered for the defendants.