## Newman Dress and Skirt Company v. Wayne.

*Sales—Contract—Memorandum—Signature—Acceptance of goods—Sales Act of 1915.*

1. A plaintiff who sues to recover upon an oral contract for the sale of goods in excess of $500 must aver in his statement of claim facts sufficient to take his contract out of the operation of the invalidating words of the 4th section of the Sales Act of May 19, 1915, P. L. 543. If such facts are not set forth in the statement of claim, judgment may be entered for defendant upon a statutory demurrer.

2. If the plaintiff relies upon a memorandum in writing, it must appear that there was a memorandum which was signed by the party to be charged or his agent.

3. Acceptance of the goods sold, in order to be effective as against the invalidating words of the statute, must be an actual acceptance by the vendee; receipt of the goods from the common carrier, who undertook to transport them from the vendor, is not sufficient.

Statutory demurrer to statement of claim. C. P. Washington Co., Aug. T., 1921, No. 198.

*Lloyd O. Hart,* for plaintiff; *David M. McCloskey,* for defendant.

BROWNSON, J.—The plaintiff sues upon an oral contract for the sale and delivery of goods of a certain description to the defendant, at and for the price of $539.75, averring in the statement of claim the making of the contract; the subsequent shipment by the plaintiff, in two lots, of goods answering the contract description, and their delivery by the carrier to the defend-

2 D. & C.

Newman Dress and Skirt Company v. Wayne.

ant, and defendant's failure to pay for them. The suit is brought to recover the contract price, with interest. The defendant has filed an affidavit of defence in the nature of a statutory demurrer, raising the question of the enforceability of the contract; the point made being that the facts set forth in the statement of claim do not show a right to recover under section 4 of the Sales Act of 1915, P. L. 543.

Section 4 of that act is a statute of frauds, invalidating contracts making sales of, and contracts to sell, goods or choses in action of the value of $500 or upwards, unless one or other of certain specified things be done in connection with the sale or contract. That it is necessary for a plaintiff, suing for the enforcement of such a contract, to aver in the statement of claim the fact or facts which are relied upon as taking it out of the operation of the invalidating words contained in this section of the act, and that, if no such fact be averred, a statutory demurrer should be sustained and judgment entered for the defendant, the Supreme Court has settled in the case of Mason-Heflin Coal Co. v. Currie, 270 Pa. 221. We have then to inquire whether the statement of claim in the case at bar shows such a state of facts as caused the contract sued upon to become a valid and enforceable contract under the statutory enactment above referred to.

To take a contract out of this statute of frauds, there must be either (a) an acceptance by the buyer, and actual receipt by him, of at least a part of the goods which are the subject of the contract; or (b) the giving by the buyer of something in earnest or in part payment; or (c) a note or memorandum of the contract in writing, signed by the party to be charged or his agent. There is no averment in the present case that the buyer gave anything, either by way of earnest or in part payment of the purchase price, nor is it averred that he ever signed, either by himself or by an agent, a note or memorandum of the contract. The statement of claim and its exhibits show a memorandum of the contract drawn up by plaintiff's agent, and a letter of plaintiff transmitting a copy thereof to the defendant, which papers may, perhaps, amount to a sufficient memorandum in writing to affect the plaintiff (though we express no opinion upon this); but it is not averred nor pretended that the defendant or an agent on his behalf signed this or any other note or memorandum. The requirement as to signature in the Act of 1915 differs from that of our Pennsylvania statute of frauds respecting real estate (which, by its express terms, is satisfied by the signature of the vendor merely: Borie v. Satterthwaite, 180 Pa. 542, 550), in that it calls for the signature of "the party to be charged" or his agent. Section 4 is similar in its provisions and phraseology to the English statute of frauds relating to contracts for the sale of personal property, and it appears to be well settled by decisions upon the latter statute, and upon like statutes of other states in this country, that by the phrase "party to be charged," or equivalent words therein contained, is meant the party against whom the contract is sought to be enforced in the action: 20 Cyc., 272; Browne on the Statute of Frauds, § 365. That this is the intended meaning in the Act of 1915, we think clear, and thus the act has been viewed by other courts: Gano, Moore & Co., Inc., v. Burtner Coal Co., 28 Dist. R. 825; Hirsch v. Burdan, 36 Montg. Co. Law Repr. 339; Southern P. S. Corp. v. Lumber Co., 69 Pitts. L. J. 240. Accordingly, our inquiry comes down to the matter of acceptance by the buyer, the question being whether this is averred in the plaintiff's statement.

The averment upon this subject is that each of the two lots of goods aforesaid was shipped by plaintiff to defendant, "and was duly received by defendant." It was suggested in argument that we can give to the word "received"

the sense and meaning of "accepted." We need not stop to consider whether, if the latter word had here been used, there would have been a sufficient averment of acceptance (there being no averment of any concrete facts amounting to or working an acceptance), because we do not think the word actually used is capable of the suggested interpretation. It is plainly used to express merely the idea that the goods came to defendant's hands through a delivery made by the carrier. The meaning of the averment would have been precisely the same had the words used been "and the carrier duly delivered the same to defendant." A receipt of the goods into the buyer's possession, and his acceptance of them, are, by the plain terms of clause 1 of section 4, two separate things, both of which must occur to take the contract out of the statute, and under clause 3 of the same section, the acceptance may take place either before or after such delivery of possession. The latter clause defines an acceptance as consisting of an expression, "by words or conduct," of the buyer's "assent to becoming the owner of those specific goods;" and the conduct which will have this effect is defined in section 48 as follows: "When the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without indicating to the seller that he has rejected them." As to what the defendant did after the delivery by the carrier—whether he kept the goods or sent them back, and whether or not he sent any communication regarding them to the plaintiff—the statement of claim is entirely silent. There is absolutely no averment, nor attempt to aver, nor indication of an intent to aver, any words or conduct of the defendant expressive of assent to becoming the owner of the specific goods. And neither at the argument, nor at any time during the ten days for which we have withheld our decision, has the plaintiff made any motion to amend the statement of claim. We, therefore, think we are required, by the decision in Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, to sustain the statutory demurrer and enter judgment for the defendant.

And now, Oct. 3, 1921, after argument and due consideration, the statutory demurrer is sustained and judgment is directed to be entered for the defendant.

From Harry D. Hamilton, Washington, Pa.