# Lippincott, Appellant, *v.* Stringer.

*Sales—Act of May 19, 1915, P. L. 543 (Sales Act)—Sales over $500—Correspondence—Cancellation.*

A letter written by one who has given a parol order for a consignment of lumber, referring to an oral cancellation of the order, will not be considered such an instrument in writing as to bind the buyer under the provisions of the Sales Act.

Where confirmation is attempted of an oral agreement, and the person sought to be charged orally revokes his order or repudiates the alleged oral agreement, and following that, writes a written confirmation of the oral repudiation he should not be held to an adoption of the agreement.

Where an order for merchandise has been revoked or cancelled before the making of a memorandum in writing, sufficient to meet the demand of the statute, a subsequent writing affirming the prior revocation does not bring the case within the statute, although by reference to another writing, the terms of the contract are sufficiently set forth to make the statute apply.

Argued October 19, 1922. Appeal, No. 235, Oct. T., 1922, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1921, No. 1426, refusing to take off compulsory nonsuit in the case of George E. Lippincott v. Howard L. Stringer. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract for failure to accept consignment of lumber. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the order of the court.

*Sidney E. Smith,* and with him *William M. Crowther,*
for appellant.—The letter from the defendant to plain-
tiff dated October 25, 1921, with the accompanying
paper, was a sufficient note or memorandum under the
Sales Act: Mason-Heflin Coal Co. v. Currie, 270 Pa. 221;
Manufacturers Light & Heat Company v. Lampe, 269
Pa. 517; Title Guaranty & Surety Co. v. Lippincott, 252
Pa. 112; Spencer-Turner v. Robinson, 55 N. Y. Misc.
280; Corpus Juris, Vol. 27, page 267; Southern Pine
Sales Corporation v. Braddock Lumber Company, 69
Pitts. Legal Journal 240.

*Frederick J. Shoyer,* for appellee.—The memorandum
was not sufficient to meet the requirements of the Sales
Act: Soles v. Hickman, 20 Pa. 180; Manufacturers'
Light and Heat Co. v. Lampe, 269 Pa. 517; Schwab v.
Ginkinger, 181 Pa. 8; Selig v. Rehfuss, 195 Pa. 200;
Dougherty v. Briggs, 231 Pa. 68.

There must be a mutuality of engagement to constitute
a contract valid and binding; Phillips v. The Mining and
Manufacturing Co., 7 Phila. 619; Benjamin on Con-
tracts 13; Mayo v. Koller, 28 Pa. Superior Ct. 91.

OPINION BY HENDERSON, J., December 14, 1922:

The plaintiff brought an action against the defendant
to recover the price of a quantity of lumber alleged to have
been contracted for by the defendant, the value of which
exceeded $500. The statement of claim recites that the
lumber was ordered verbally by telephone on October 13,
1920, and that the plaintiff sent the defendant a con-
firmation of the order in writing in which was set forth
a description of the lumber. The defense presented was
that the alleged contract was in parol for merchandise
exceeding $500 in value and was therefore unenforceable
because of the provisions of the Act of May 19, 1915, P.
L. 543. The plaintiff's reply to this objection was that
the defendant, in a letter dated October 25, 1920, ac-
knowledged the contract as expressed in the plaintiff's

letter of confirmation and thereby became bound according to the terms of the original agreement.

After the presentation of the plaintiff's evidence the court granted a nonsuit on motion of the defendant, and subsequently refused to take off the nonsuit. This action of the court is the subject of the appellant's complaint. We have therefore the single question for consideration: Does the letter of the defendant, of October 25th, remove the case from the operation of the statute and subject the defendant to liability on a contract to purchase the lumber? It is conceded that up to the time when the defendant's letter was written the plaintiff had not an enforceable contract; but it is contended that, taking that letter and the confirmation of the oral contract sent to the defendant, a memorandum in writing of the contract existed which bound the defendant. None of the lumber was shipped prior to defendant's rescission of the order. The case depends therefore solely on the effect of the defendant's letter above referred to. The letter of confirmation was in the following terms:

"George E. Lippincott          Canada White Pine
        Successor to                  Canada Spruce
    Robert C. Lippincott      Yellow Pine Timbers
537-539 Land Title Building  Flooring Maple Flooring.
        Wholesale Lumber

Philadelphia, October 13, 1920.

Howard M. Stringer,
8th and Diamond Sts.,
Philadelphia, Pa.
Gentlemen:—

All contracts are conditional upon strikes, fire, flood, inability to secure cars, and other causes beyond our control.

All quotations are subject to previous sale and market changes without notice.

All orders and contracts are taken subject to approval of the home office.

We are pleased to acknowledge receipt of your order given us on 'phone to-day as follows:

1-3 Car 13-6 x 2 1-2″ Face B & Better Sap Flat Flg. at $86.00.   1-3 Car 13-16 x 2 1-2″ Face No. 1 Common Flooring at $73.50.   4 to 5 M Ft. 1 1-16 x 2 1-2″ Face No. 1 Common Flooring at $78.00.   2 to 3 M Ft. 1 1-16 x 2 1-2″ Face B & Better Flat Flg. at $91.00.

The above prices are delivered Kensington Station, Pennsylvania Railroad.   We understand you do not want same shipped before 30 days, and are advising mill accordingly.

All quotations made and orders accepted based on the present rate of freight, customer to pay any increase, also Government tax on freight bill.

Respectfully yours,

GEL:B                    Geo. E. Lippincott,   Per G.”

The defendant's letter was as follows:

“Howard L. Stringer

Lumber

8th and Diamond Sts.,

Philadelphia, Pa., Oct. 25th, 1920.

Mr. George E. Lippincott,

537 Land Title Building, Philada.

Dear Sir: Confirming our conversation over telephone this morning.   Please cancel order of Oct. 13th. for carload of Y. P. Flooring as per your acknowledgment which I am herewith returning.

My reason for cancelling, as explained to you is that I have sufficient Floo⸱⸱g on hand to last me for sometime, and do not feel that I should add this extra car to my stock when I am limited for shed room, and money.

Thanking you for your consideration, I am,

Yours very truly,

(signed)   Howard L. Stringer.

Special Attention to

Store and Factory Orders.”

The part of the letter relied on to connect the defendant with the plaintiff's letter of confirmation is, "Please cancel order of October 13th, for carload of Y. P. flooring as per your acknowledgment which I am herewith returning." That a memorandum sufficient to meet the requirement of the statute may consist of more than one document has been held in many cases. There must exist, however, such clear evidence on the face of the papers of a connection between the two as to give them the effect of one document. This is said to exist in the allusion to the defendant's letter and the plaintiff's acknowledgment of the verbal order. If there were nothing more in the letter this might be deemed sufficient recognition of the plaintiff's written statement of the contract to bind defendant, leaving out of consideration the sufficiency of the description of the merchandise and the price; but the defendant had a different purpose in view than the acknowledgment of the contract. It appears from the letter that he had had a telephone conversation with the plaintiff prior to the writing of the letter in which he cancelled the verbal order. As it was up to that time an unenforceable contract, he was within his right to cancel it. That having been done by verbal order, the written direction following it, in which reference is made to the order, ought not to be held to be a recognition in writing of a transaction that had been revoked. The object of the statute was to prevent perjuries by requiring parties to contracts to put their agreements in writing in some form, which writing must be signed by the party to be bound and must be self-explanatory. Where confirmation is attempted of an oral agreement, and the person sought to be charged orally revokes his order or repudiates the alleged oral agreement, and, following that, writes a written confirmation of the oral repudiation he should not be held to an adoption of the agreement. The letter recites a former cancellation of the contract. Where an order for merchandise has been revoked or cancelled before the making of a memoran-

dum in writing sufficient to meet the demand of the stat-
ute, a subsequent writing affirming the prior revocation
does not bring the case within the statute although by
reference to another writing the terms of the contract
are sufficiently set forth to make the statute apply.   The
plaintiff's case is practically identical with that of Wil-
son et al. v. Lewiston Mill Co., 150 N. Y. 314.    There
the plaintiffs confirmed the defendants' order for 1,000
bales of cotton, and the defendants replied, "We find it
will be impossible for us to take the 1,000 bales of cotton
mentioned in yours of the 5th ult."   Here, there was a
direct reference to the letter of confirmation, but it was
held not to amount to an acceptance or recognition of
the contract in the face of the statute.    The case of
Porter v. Patterson, 42 Ind. App. 404, is of like char-
acter.   Copies of invoices of the merchandise were there
sent, a letter of the defendant acknowledged the receipt
of the invoices and referred to the cancellation thereto-
fore made.   In both of these cases, under statutes similar
to our own, it was held that the evidence did not bring
the plaintiffs within the protection of the statute.    The
cases cited by appellant contain evidence of recognition
of the contract by the parties sought to be charged, and
are therefore to be distinguished from the case under
consideration.   We cannot construe the reference of the
defendant to a former cancellation of the order as a
recognition in writing of the existence of the contract.
It was a repudiation in writing of an oral order.   There
is a clear manifestation of the intention of the defend-
ant to stand by his prior oral cancellation.    The case
failed therefore for lack of evidence necessary to satisfy
the demands of the statute.

  We deem it unnecessary to enter into a consideration
of the sufficiency of the evidence of the contract with
respect to the description of the property.   It will be
seen that the description in the letter of confirmation is
very different from that set up in the statement of claim.
As the contract must speak for itself on the subject, it

may well be doubted whether the action could be maintained for this reason.

There is the further objection that the contract is indefinite as to the price to be paid. Two items in the letter of confirmation are for one-third of a car each of lumber therein described, at $86 and $73.75, respectively. The last item is apparently 3,000 ft. at $91. The third item is for an indefinite quantity "4 to 5 M. ft......@ $78." Following the conclusion of the court in Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, this would be apparently on its face a statement of the price of one-third of a carload, as to the first two items and a lump sum as to the second and third items, and oral testimony would be necessary to apply it to a different quantity. The cases are many that the contract must be so definite that oral testimony is not required to explain it except that trade terms may be employed, general knowledge of which is presumed and must be so averred in the statement of claim.

A consideration of the whole case brings us to the conclusion that the action of the court was well taken.

The judgment is affirmed.