## Southern Pine Sales Corporation *v.* Braddock Lumber Company, Appellant.

*Sales—Memorandum in writing—Sales Act of 1915, P. L. 543, section 4.*

A letter acknowledging that an oral contract was entered into, but disputing that its terms are correctly stated by the other party and cancelling the contract, is not a sufficient note or memorandum of the contract of sale, signed by the defendant or its agent, as required by the 4th section of the Sales Act of May 19, 1915, P. L. 543.

A delivery to a common carrier is not an actual delivery as contemplated by the provisions of the Sales Act.

Argued April 25, 1923. Appeal, No. 71, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 93, on verdict for plaintiff in the case of Southern Pine Sales Corporation v. Braddock Lumber Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract. Before SWEARINGEN, J.

310   SOUTHERN PINE SALES CORP. *v.* BRADDOCK L. CO.

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $640 and judgment thereon.   Defendant appealed.

*Errors assigned* were various answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*R. B. Ivory,* for appellant.—There was no contract in writing as required by the Sales Act: Lippincott v. Stringer, 80 Pa. Superior Ct. 162.

*Frank W. Stonecipher,* and with him *John M. Ralston,* for appellee, cited: Mason-Heflin Coal Company v. Currie, 270 Pa. 221; Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517; Barber Milling Co. v. Leichthammer Baking Company, 273 Pa. 90; Zuck v. McClure & Co., 98 Pa. 541; Woldert Grocery Co. v. Wilkinson, 39 Pa. Superior Ct. 100.

OPINION BY KELLER, J., July 12, 1923:

Under the Sales Act of 1915, P. L. 543, section 4, a contract for the sale of goods of the value of $500 or upwards is not enforceable by action unless the buyer shall accept part of the goods contracted to be sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract be signed by the party to be charged or his agent in that behalf.

The contract of sale sued upon by the plaintiff comes within this section; it was for lumber exceeding $500 in value. None of the lumber was accepted and actually received by the defendant; delivery to a carrier is not sufficient: Dolan Mercantile Co. v. Marcus, 276 Pa. 404. Nothing was given by defendant in earnest to bind the contract or in part payment. Was there a sufficient note or memorandum in writing of the contract sued upon

signed by the defendant, or its agent in that behalf? If not, this action upon the contract cannot be enforced and judgment n. o. v. will have to be entered for the defendant.

The learned court below erroneously stated that the parties entered into a written contract. It was unquestionably oral: Briggs et al. v. Logan Iron & Steel Co., 276 Pa. 326. Following a conversation between them, defendant's president, McCullum, orally ordered from the plaintiff's salesman, Brown, the lumber in suit. No written order was signed by the defendant or by any one for it. Brown wrote out an order and sent it in to the plaintiff and the latter accepted it in writing, dividing it into two parts, (called acknowledgments), for shipment from two different mills. Brown's order and both acceptances provided for shipment "as soon as possible." Had this been all, plaintiff would have had nothing at all on which to base an action against defendant to enforce the contract. The plaintiff, however, claims that the defendant subsequently acknowledged the contract in writing, and, therefore, though oral, it may be enforced against the defendant, under the provisions of the Sales Act.

The writing relied upon by plaintiff was a letter written by defendant on April 23, 1920, nearly four weeks after the verbal order was given, as follows: "Referring to your acknowledgment of orders, S. P. S. C. [Southern Pines Sales Corporation] 11315 and 11316. When this order was placed your Mr. Brown said he would be able to secure us a shipment in ten (10) days from date of order. It is now within a day or so of one month since order was placed. We, therefore, wish to cancel above orders and request that you acknowledge our cancellation by return mail."

It will be noted that this is not an unequivocal confirmation of the contract of sale set forth in the two acknowledgments or acceptances forwarded by plaintiff; it is an admission by defendant that it gave plaintiff's

salesman an order for the lumber referred to in plaintiff's acceptances, and a cancellation of that order because its terms had not been complied with. This is seen more clearly from defendant's letter,—offered in evidence by plaintiff,—dated May 1st, received by plaintiff May 3d, six weeks before the attempted delivery under the order: "Your acknowledgments as above are not in accordance with the order as given to Mr. Brown nor are they in keeping with the statements made by Mr. Brown with respect to the terms as to how and when payments were to be made and in respect to time shipment would be made."

If plaintiff had written defendant offering to sell the lumber on the terms and conditions specified in the acknowledgments in suit, and defendant had replied accepting the offer, provided shipment was made in ten days, no one would seriously contend that the offer constituted the entire contract, or that a subsequent letter from the defendant cancelling the contract, because shipment had not been made within the time fixed in the contract, would have the result of changing its terms or forming an acknowledgment that the written offer as originally sent constituted the contract between the parties. Yet that is, in effect, the contention of the plaintiff in this case. It was incumbent on the plaintiff, in order to enforce the contract, to produce a note or memorandum of the contract sued upon signed by the defendant or on its behalf. This note or memorandum might consist of several papers, which together furnished the essential terms of the contract: Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517, 520; but together and by reference to one another they must constitute the contract sued upon: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 194. The requirements of the statute are not complied with by a writing which acknowledges that an oral contract was entered into but disputes that its terms are correctly stated by the other party. If it was agreed between McCullum and Brown that shipment was to be made

within ten days, that was an essential part of the contract, and defendant had a right to cancel the order if not complied with: Lovitt v. Erie Milling Co., No. 97, April Term, 1923, opinion by Judge Linn, filed this day; and a letter written by defendant cancelling the contract on that account would not be an acknowledgment that it had made a contract omitting that important particular: Benjamin on Sales, section 227 (4th Am. Ed.).

In the present case the defendant did not, in its letter of April 23d or May 1st, admit that it had ordered lumber from plaintiff's salesman, Brown, on the terms and conditions specified in the plaintiff's acknowledgments. It acknowledged that it had given an order for the lumber but averred that the order contained terms not set forth in said acknowledgments, and not complied with, and that because of such noncompliance, it cancelled the order. The plaintiff could not use so much of defendant's letter as suited its purpose in order to make the requisite note or memorandum in writing of the contract, and reject a part which essentially modified or negatived the contract sued upon. It was to avoid just such disputes as to the contract entered into between the parties, and the consequent temptation to falsify testimony concerning it, that the provisions of the Statute of Frauds and of our Sales Act, invoked here by the defendant, were enacted.

We are of opinion that the plaintiff failed to produce any sufficient note or memorandum of the contract of sale sued upon in this action signed by the defendant or its agent in that behalf.

The first, second, sixth, seventh and eighth assignments of error are sustained. The judgment is reversed and is now entered for the defendant.