# Northwestern Consolidated Milling Company *v.* Allebach, Appellant.

*Contracts — Sales—Cancellation—Written memorandum—Uniform Sales Act, section 4.*

A written confirmation of a verbal contract, containing terms and conditions differing from those orally agreed upon, may be cancelled or repudiated by the buyer, without making himself liable in an action for its enforcement under the provisions of section 4 of the Uniform Sales Act.

Where a verbal order was given to the plaintiff's agent on certain terms and conditions, and a written confirmation was sent for the defendant's signature, which contained other terms and conditions, the notation thereon by the defendant "please cancel," was not a sufficient memorandum in writing to permit the enforcement of the contract.

An order which requires confirmation at the home office before it binds the seller is not a contract until so confirmed, and is subject to revocation by the buyer until notified of such confirmation.

Argued December 4, 1923. Appeal, No. 262, Oct. T., 1923, by defendant, from judgment of C. P. Montgomery Co., Nov. T., 1920, No. 206, in favor of plaintiff in the case of The Northwestern Consolidated Milling Company v. A. T. Allebach. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract. Before MILLER, P. J., without a jury.

564 NORTHWESTERN C. MILLING CO. *v.* ALLEBACH.

Statement of Facts—Opinion of the Court. [82 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $837.50. Defendant appealed.

*Errors assigned* were various findings of fact, conclusions of law and the judgment of the court.

*Aaron S. Swartz, Jr.,* and with him *John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellant. —There was not a sufficient acknowledgment in writing to satisfy the statute of frauds: Upton Mills v. Baldwin, 179 Northwestern 904; Fowler Elevator Company v. Cottrell, 38 Neb. 512; Schwarzenbach v. Schwartz, et al., 193 N. Y. Supp. 573; Lippincott v. Stringer, 80 Superior Ct. 162; Southern Pines Sales Corporation v. Braddock Lumber Co., 81 Pa. Superior Ct. 309.

*Thomas Hallman,* and with him *E. L. Hallman,* for appellee.

OPINION BY KELLER, J., February 29, 1924:

There is some conflict in the decisions construing the fourth section of the Uniform Sales Act (Act of May 19, 1915, P. L. 543), as to whether a written cancellation of a verbal contract for the sale of goods may constitute a sufficient note or memorandum in writing of the contract to permit its enforcement by action. The weight of authority seems to be that the written unambiguous recognition of the contract and of its terms is sufficient even though it contains an express repudiation of the contract: Lawley Corp. v. Bupp, 230 Mass. 21, 119 N. E. 186. But to have this result it must constitute a complete authentication in writing of the contract and its terms: Upton Mill & Elevator Co. v. Baldwin Flour Mills (Minn.) 179 N. W. 904. If it contradicts or disputes the terms of the alleged contract it is not sufficient: Southern Pine Sales Corp. v. Braddock Lumber

Co., 81 Pa. Superior Ct. 309; Juillard v. Trokie, 124 N. Y. Supp. 121, affirmed, 203 N. Y. 604, 96 N. E. 1117; nor is it if it denies the authority of the agent to make the contract: Upton Mill & Elevator Co. v. Baldwin  Flour Mills, supra; nor, if there was a prior rescission of the contract: Lippincott v. Stringer, 80 Pa. Superior Ct. 162; Porter v. Patterson, (Ind.) 85 N. E. 797.

And if one party sends to the other a written confirmation of a verbal contract containing terms and provisions differing from those orally agreed upon, the latter may cancel or repudiate the contract in writing without making himself liable in an action for its enforcement: Juillard v. Trokie, supra; Colleton Realty Co. v. Folk, 85 S. C. 84, 67 S. E. 156, 157. And it has been held that where a written confirmation of a previous parol order was returned unsigned by the defendant, with a request that the order be cancelled, this did not constitute a recognition of or assent to the written contract: Schwarzenbach v. Schwartz, 193 N. Y. Supp. 573.

In the present case a verbal order was given by defendant to plaintiff's agent for some flour and middlings on certain terms as to price and delivery. A written order or confirmation was sent defendant for his signature. This order form changed the shipment from "rush" to "prompt" and contained a long string of terms and conditions (eleven in number), which it is not testified formed any part of the verbal order, and one of which sanctioned any shipment made within sixty days. Defendant wrote across the face of it, "Please cancel and oblige A. T. A." (his initials). In our opinion this was not an unequivocal or unambiguous recognition that an oral contract had been entered into on the terms set forth in the written order; it was only a cancellation of the verbal order, not a recognition that it conformed as to terms and conditions with the written form presented for his signature: Schwarzenbach v. Schwartz, supra.

But there is another reason which in our judgment prevents a recovery by the plaintiff. No binding oral

contract had been entered into between the parties. Plaintiff's salesman, who took defendant's order, had no authority to make a contract of sale; his authority was limited to taking orders which had to be approved by the home office at Minneapolis. He reduced the order to writing and forwarded it to his immediate superiors at Philadelphia, who prepared and sent the order (partly written and partly printed) to the defendant by mail. It matters not whether we call it an order or confirmation. The transaction required confirmation by the buyer no less than the seller; and the form set forth that the plaintiff agreed to sell and the buyer to buy the subject matter of the contract on the terms and conditions therein set forth. It was signed on behalf of the plaintiff by its Philadelphia agent, but it contained in large type at the bottom these words: "This contract is subject to confirmation by the seller." This could have no other meaning than that after the paper had been signed on the plaintiff's behalf by its agent, and by the defendant, it had to be submitted to the plaintiff company at its home office for confirmation. Such was the construction placed upon it by the U. S. District Court in Northwestern Consolidated Milling Co. v. Rosenberg, 275 Fed. 878; and such, apparently, was the understanding of plaintiff's own agent for on September 27, 1920—two weeks later—he wrote defendant: "No car can be ordered forward for shipment, irrespective of our having assortments on hand from you to cover, unless these signed confirmation papers have been returned to us, and in return forwarded on to our home office for inspection at that point." The typewritten notation made on the order by plaintiff's agent: "Mpls. approval 9-13-20," was evidently not the confirmation subject to which the sale was made; for it was made by the agent, whose act had to be confirmed, whereas the order contemplated an endorsement confirming the transaction by the home office; otherwise why was the notice that the contract was subject to further confirmation by the seller not

stricken out, and why did the signed paper have to be forwarded to the home office of the plaintiff before shipment could be made? An agent, whose authority to make a sale has to be confirmed by the Home Office,— (according to the terms and conditions of the contract, which, it is expressly provided, are not subject to modification by any agent)—, cannot by his own notation alter the provisions of the contract and make a sale which will bind his principal without such confirmation: Durkee v. Schultz, (Iowa) 98 N. W. 149; Wilson v. Lewiston Mill Co., 150 N. Y. 315, 326, 44 N. E. 959, 962; and until confirmed by the Home Office the defendant's order was subject to cancellation or withdrawal: Huber Mfg. Co. v. Smithgall, 19 Pa. Superior Ct. 641; Vincent v. Woodland Oil Co., 165 Pa. 402. It amounted only to a verbal offer of defendant to buy goods which until confirmed by plaintiff could have been refused by it: Banks v. Harris Mfg. Co., 20 Fed. 667; Lee v. Vaughan Seed Store, (Ark.) 141 S. W. 496; and was subject to revocation by defendant until notified of such confirmation: Huber Mfg. Co. v. Smithgall, supra; Mayo v. Koller, 28 Pa. Superior Ct. 91; Bosshardt & Wilson Co. v. Crescent Oil Co., 171 Pa. 109; Emerson v. Graff, 29 Pa. 358; Durkee v. Schultz, supra.

It is undisputed that the defendant's cancellation of his verbal order was written on the order blank before there was any confirmation in writing of the contract by the plaintiff at its home office; and hence, under the authorities, there was no valid contract which could be enforced against him in this action. If further action by the parties is contemplated before the contract becomes binding it is not enforceable: Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517, 520.

The second, fourth and sixth assignments of error are sustained. The judgment is reversed and is now entered for the defendant.