## N. V. Reinders' Olie en Veevoederfabrieken v. Imperial Products Company, Inc.

*James F. McMullan,* for plaintiff.
*Horenstein, Feldman & Harvey,* for defendant.

LAMBERTON, J., January 5, 1933.—The statement of claim filed on behalf of plaintiff avers that after considerable preliminary negotiations, all of which

were oral, on August 21, 1931, plaintiff and defendant, acting through their duly authorized agents, entered into an oral agreement by which defendant was to buy from plaintiff eighty tons of refined deodorized yellow corn oil at the price of $5.85 per 100 pounds; that on the same date said oral agreement was confirmed by letter addressed to defendant and signed by the agent for plaintiff, which letter contained all of the terms of the agreement, including quantity, price, time and place of delivery, and an obligation on the part of defendant to make available an irrevocable letter of credit in a bank located in Amsterdam, Holland; that on August 25, 1931, plaintiff and defendant, again acting through their duly authorized agents, entered into an oral agreement, by which defendant was to buy an additional twenty tons of refined deodorized yellow corn oil at the same price; that this oral agreement was confirmed in letter addressed to defendant and signed by the agent of plaintiff, dated August 26, 1931, which letter contained all of the terms of said oral agreement; that on September 2, 1931, defendant sent to N. C. Littauer, agent for plaintiff, the following telegram: "Sorry unable to obtain letters of credit cancel contracts," and on the same date defendant wrote to the said Littauer the following letter: "We have this date forwarded you the following telegram: 'Sorry unable to obtain letters of credit cancel contracts.' We are, therefore, returning contracts covering the 100 tons corn oil. Sorry for any inconvenience caused you in this matter." The statement of claim then sets forth that the failure of defendant to open letters of credit in an Amsterdam bank constituted a breach of the contracts; that plaintiff refused to cancel the contracts, but proceeded to resell the corn oil and did so at a loss of $2606.28, for which suit is brought.

Defendant has filed an affidavit of defense raising questions of law, contending that this suit cannot be maintained because of the value of the goods involved in each contract is in excess of $500, and there is no note or memorandum in writing signed by the party to be charged.

Section four of the Act of May 19, 1915, P. L. 543, commonly known as The Sales Act, reads as follows: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

In this case, the value of the goods to be sold under each contract is in excess of $500; there is no contention that any of the goods have been delivered, or that any money has been paid. The one question involved, therefore, is whether there is a note or memorandum in writing signed by defendant, or its agent, of such a nature as to take this case out of the realm of the statute. That this question may be properly presented by an affidavit of defense raising questions of law is decided in the case of Mason-Heflin Coal Co. v. Currie et al., 270 Pa. 221. See, also, Franklin Sugar Refining Co. v. Howell, 274 Pa. 190.

The cases hold that the purpose of the statute is not to impose a new rule of law as to what constitutes a valid contract, but rather to require a formality of proof in order to make oral contracts enforceable: Franklin Sugar Refining Co. v. John et al., 279 Pa. 104. The memorandum, therefore, need not be in the form of a contract, and it is even immaterial for what purpose it was written: Franklin Sugar Refining Co. v. John, supra; Mason-Heflin Coal Co. v. Currie, supra; Northwestern Consolidated Milling Co. v. Allebach, 82 Pa. Superior Ct. 563; McGowan v. Lustig-Burgerhoff Co., 93 Pa. Superior Ct. 227; 27 C. J. 256, § 306; 1 Williston on Contracts 1081. Even a memorandum written and sent

with the intention of canceling the contract, or of denying liability thereunder, may bind the person signing the same, if the contents of the writing are sufficiently full: Lippincott v. Stringer, 80 Pa. Superior Ct. 162; Northwestern Consolidated Milling Co. v. Allebach, supra; 27 C. J. 267, § 317; Franklin Sugar Refining Co. v. Egerton et al., 288 Fed. 698; Straesser-Arnold Co. v. Franklin Sugar Refining Co., 8 F. (2d) 601; Howell v. Witman-Schwartz Corp., 7 F. (2d) 513. The fact that the telegram and letter were sent with the purpose of canceling the contracts, rather than to affirm the same, or state their terms, would not, therefore, of itself preclude them from constituting such memoranda in writing as the statute requires.

But the law requires that the memorandum, whatever its form, shall do more than recognize that there is a contract: Franklin Sugar Refining Co. v. Howell, supra. It must set forth all of the essential terms of that contract, leaving none of said terms to be proved by parol: Manufacturers Light and Heat Co. v. Lamp et al., 269 Pa. 517; Franklin Sugar Refining Co. v. Howell, supra; Northwestern Consolidated Milling Co. v. Allebach, supra; 27 C. J. 256, § 306; 27 C. J. 267, § 318. If the memorandum omits any of the essential terms of the contract, it is insufficient, because then the essential terms must be proved by parol, and this cannot be done under the statute: Manufacturers Light and Heat Co. v. Lamp et al., supra; Franklin Sugar Refining Co. v. Howell, supra; Paturzo et al. v. Ferguson et al., 280 Pa. 379. Tested by this standard, the telegram and letter are clearly insufficient if they stand alone.

However, the memorandum in writing may be on any number of different papers, and one paper, inadequate in itself, may become adequate if it refers to another paper or papers containing all of the essential terms of the contract in such a way as to incorporate the latter by reference: Manufacturers Light and Heat Co. v. Lamp et al., supra; Lippincott v. Stringer, supra; Franklin Sugar Refining Co. v. Howell, supra; Franklin Sugar Refining Co. v. Egerton, supra; Howell v. Witman-Schwartz Corp., supra; Paturzo et al. v. Ferguson et al., supra; 27 C. J. 259, § 308; 1 Williston on Contracts, 1119. But two or more papers, only one of which is signed by the party to be charged, cannot be read together unless the signed paper refers to the unsigned paper in an unmistakable manner: Manufacturers Light and Heat Co. v. Lamp et al., supra; Lippincott v. Stringer, supra; 27 C. J. 261, § 309. The connection of two such papers may be shown by parol, but none of the terms of the contract may be shown by parol: Manufacturers Light and Heat Co. v. Lamp et al., supra; Paturzo et al. v. Ferguson et al., supra; 27 C. J. 269, § 319.

It is the contention of plaintiff that the telegram and letter, signed by defendant, contain a sufficient reference to the letters signed by the agent of plaintiff to incorporate the latter by reference. If so, plaintiff has pleaded an enforceable contract.

The telegram and letter make no reference to any other paper. They do refer to contracts between the parties and the letter does refer to 100 tons of corn oil. It might be argued that it can be shown that there were no negotiations between the parties other than those here pleaded by plaintiff, and that, therefore, when defendant in its letter speaks of 100 tons of corn oil, it ties up the letter with the previous letters written on behalf of plaintiff. We believe that this would be an evasion of the statute. In order to bind defendant in this case, there must be a paper signed by it recognizing the terms of the contracts. In this case the most that can be said of the telegram and letter is that they recognize the existence of contracts. They do not recognize the terms of those contracts and they make no reference whatever to the letters which plaintiff contends contain those terms. Under the decisions cited above, the letters

written on behalf of plaintiff are, therefore, not incorporated by reference in the telegram and letter signed by defendant.

We have considered the telegram and letter signed by defendant together because there is not much more in the one than in the other. As a matter of fact, however, plaintiff must depend on the telegram alone, for while the memorandum in writing need not be signed at any special time or in any special form, if it is signed after the party to be charged has attempted to cancel the contract, it is of no effect: Lippincott v. Stringer, supra; Northwestern Consolidated Milling Co. v. Allebach, supra; 27 C. J. 267, § 317. The telegram in this case was an attempt to cancel the contract. The letter followed the telegram. The letter is, therefore, unavailable as a memorandum in writing.

For the above reasons, we are of the opinion that the cause of action pleaded by plaintiff is barred by the statute of frauds as set forth in section four of the Act of May 19, 1915, P. L. 543.

And now, to wit, January 5, 1933, defendant's affidavit of defense raising questions of law is sustained, and judgment is entered for defendant.