## Wentz et al. v. Albert et al.

*Russell C. Mauch*, for plaintiffs.
*Taylor, Taylor & Riskin*, for defendants.

BARTHOLD, J., February 21, 1944.—This is a rule for a more specific statement. Plaintiffs, Albert L. Wentz and Paul I. Wentz, co-partners, trading as Service Supply Company, seek to recover from defendants, Michael Albert and Ruth Molovinsky, remaining executrix of the last will and testament of Gizella Albert, deceased, the sum of $4,107.42 with interest, an alleged deficiency upon a mortgage bond executed by defendants Michael Albert and Gizella Albert, his wife. Letters testamentary on the estate of Gizella Albert, deceased, were issued to defendants Ruth Molovinsky and Michael Albert. Michael Albert was removed by decree of the orphans' court as co-executor, leaving Ruth Molovinsky sole executrix of the last will and testament of Gizella Albert, deceased.

Paragraph 6 of the statement of claim recites the execution on November 26, 1940, of a mortgage bond in the sum of $6,000, by defendant Michael Albert and Gizella Albert, his wife. Paragraph 7 recites payments on account by Michael Albert and his wife, leaving a principal balance due of $4,108.42, with interest at 5½ percent from June 28, 1941. Paragraph 8 recites that, upon foreclosure sale of the premises covered by the mortgage accompanying the bond in suit, $1 was realized, leaving a deficiency on the total bond obligation in the amount of $4,107.42. In the same paragraph it is averred that the "sale was made to a purchaser other than and not privy with the mortgage plaintiff partnership, herein named in said instrument of mortgage". Paragraph 9 recites that "no payment was ever made or credit applied or to be applied on the said deficiency of $4,107.42 either before or since the death of the said Gizella Albert". Paragraph 10 sets forth the requisite averments of demand and refusal.

Ruth Molovinsky, remaining executrix of the estate of Gizella Albert, deceased, and one of the defendants herein, has filed a motion for a more specific statement of claim alleging "that said statement is vague, indefinite and lacking in particularity in the following respects: (a) That said statement of claim fails to identify and disclose the name of the purchaser of the real estate sold on foreclosure proceedings instituted by the plaintiffs on mortgage accompanying the bond upon which the alleged cause of action is based."

Plaintiffs, in opposition to the motion, assert: (1) "Plaintiffs' action is on a bond necessitating a pleading only of its presentation according to its terms and an allegation of nonpayment thereof"; (2) "the relevancy of the identity of purchaser at the sheriff's sale, referred to in the within proceedings, is applicable only in relation to the Deficiency Judgments Act"; (3) "the said relevancy and its exclusive application,

as above, is prima facie nullified by the denial contained in the statement of claim that neither plaintiffs nor anyone privy with them were the purchasers at the said sale, unless such denial is controverted and issue taken thereon by defendant"; and (4) "the identity of the purchaser at the said sale constitutes a part of defendant's proof in support of the position, if taken, controverting plaintiffs' denial as aforesaid."

We conclude from the respective contentions advanced, that the sole question for decision is the following:

In an action on a bond to recover a deficiency judgment following a mortgage sale, must plaintiff set forth the name of the purchaser of the premises sold on foreclosure as an essential allegation in the statement of claim?

"Generally—Where the holder of a bond and mortgage elects to proceed in rem against the mortgaged premises by an action of scire facias sur mortgage, the recovery is limited to proceeds of the sale of the mortgaged lands, with such limitations as may be imposed by statute. The foreclosure of a mortgage ends merely the mortgage debt, as distinguished from the bond of the mortgagor which it secures. With the foreclosure of a mortgage the terre-tenant's liability as respects the mortgage debt itself is terminated. The situation is otherwise as respects the mortgagor himself; for unless the foreclosure sale brings a price sufficient to pay the mortgage debt in full, he is liable for the deficiency on the bond. But a deficiency judgment cannot be entered in a sci. fa. sur mortgage proceeding. The deficiency is obtained by a suit on the accompanying bond or note": 13 Standard Pa. Practice 606.

Prior to the passage of the several Deficiency Judgment Acts, it was the settled law of Pennsylvania that "the amount realized at a sheriff's sale is conclusive as to the value of the premises in determining what

deficiency may be recovered on the bond accompanying the mortgage, even though the mortgagee himself is the bidder at the sale, in the absence of fraud or other infirmity in the sale": 13 Standard Pa. Practice 607, 608. This rule of law has been modified by the provisions of the Act of July 16, 1941, P. L. 400, 12 PS §§2621.1-2621.11, commonly known as the "Deficiency Judgments Act".

Section 1 thereof contains the following provisions in connection with the collection of a deficiency after purchase by plaintiff:

"Whenever any real property has heretofore been or is hereafter sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs, and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff or plaintiffs shall petition the court having jurisdiction to fix the fair market value of the real property sold as aforesaid. Said petition shall be signed and sworn to by the plaintiff or plaintiffs."

Section 6 thereof provides for the release and discharge of the debtor to the extent of the fair market value, after hearing on the petition, and authorizes the petitioner thereupon to proceed to collect the balance of the debt. Section 7 thereof provides for the filing of all petitions not later than six months after the sale of any real property, and further provides that, if no petition is filed within the prescribed period, the debtor or any other person liable directly or indirectly to plaintiff for the payment of the debt shall be released and discharged of his liability to plaintiff. Section 7 thereof provides that, if plaintiff shall fail to present such petition within six months after the sale, the debtor, or any other person liable directly or indirectly to plaintiff or any other person interested, may present a petition setting forth the facts of sale,

and that no petition has been filed in accordance with the act, whereupon the court, upon proof of the service required and being satisfied of the facts, shall direct the prothonotary to mark the judgment satisfied, released, and discharged. Section 10 thereof provides that it shall be incompetent for any debtor, obligor, or guarantor to waive the benefits of the act or to release any obligee from compliance with its terms, and further provides that any such waiver or release shall be absolutely void, unenforcible, and of no effect.

The constitutionality of the above act has been upheld by the Supreme Court in Fidelity-Philadelphia Trust Co. v. Allen et al., 343 Pa. 428, and Pennsylvania Co., etc., v. Scott, 346 Pa. 13.

It is patent that the Deficiency Judgments Act of 1941 sets up certain statutory bars to the recovery of a deficiency judgment by a plaintiff who, either directly or indirectly, purchased the real property involved at an execution sale in which he was the execution plaintiff. Under such circumstances the presentation of a petition to fix the fair market value of the real property not later than six months after the sale on execution is a statutory condition precedent to the recovery of a deficiency judgment, and failure to present such a petition in effect releases the debtor. The necessity for strict compliance with the terms of the act is emphasized by the provision making it incompetent for the parties to waive the statutory requirements.

The conclusion is inescapable that compliance with the provisions of the act is an integral part of plaintiffs' cause of action. Plaintiffs must show that their case is within the statute or set forth the facts necessary to take the case out of the statute. The present case is analogous to those cases which make it necessary for the plaintiff, in an action on a contract required by statute to be executed in a particular form, to show by the averments of his statement of claim

that his contract is an enforcible one within the meaning of the statute: Mason-Heflin Coal Co. v. Currie et al., 270 Pa. 221; Bayard v. Pennsylvania Knitting Mills Corp., 290 Pa. 79; Franklin Sugar Refining Co. v. Eiseman et al., 290 Pa. 486; see also 3 Standard Pa. Practice 103, 147, 210.

The statement of Mr. Justice Simpson in Mason-Heflin Coal Co. v. Currie et al., supra, p. 223, is a full and complete answer to the question before us:

"It would, of course, be a waste of time to spend days or even minutes in a trial, only to find, at the end thereof, that there could be no recovery because of the provisions of the act; and, since it is easy to set forth the essential facts permitting recovery (if such there be), we will not add another count to the public's indictment of judicial proceedings because of the 'law's delays'. The purpose of a statement is to set forth facts which show a claim 'enforceable' by action; and it necessarily fails of this purpose unless they are averred."

Plaintiffs have attempted to avoid the statutory bar by averring (paragraph 8) that "said sale was made to a purchaser other than and not in privy with the mortgagee plaintiff partnership, herein named in said instrument of mortgage," but this allegation does not conform to the requirements of the Practice Act of May 14, 1915, P. L. 483, sec. 5, 12 PS §386. Said section provides:

"Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation."

The judicial interpretation of the above section of the Practice Act is well set forth in Grumley v. Pelle-

grino, 4 D. & C. 205, 206, citing Park v. Standard Spinning Co., 135 Fed. 860, as follows:

"The plaintiff must set forth concisely the plaintiff's claim with sufficient particularity to enable the defendant to plead understandingly and with full knowledge of every claim that can be made or question that can be raised under it at the trial."

Plaintiffs' right of action depends upon the identity of the purchaser and the purchaser's relationship to plaintiffs; yet plaintiffs have not disclosed the name of the purchaser. Unless plaintiffs name the actual purchaser of the property, defendant is unable to admit or deny the truth of the allegation under consideration. Because of the indefiniteness of plaintiffs' statement of claim it is impossible for defendant to determine whether to file an affidavit of defense to the merits or an affidavit of defense raising questions of law. Confronted with this situation, defendant is not in a position "to plead understandingly, and with full knowledge of every claim that can be made or question that can be raised under it [the statement of claim] at the trial".

For the reasons hereinabove given, we are of the opinion that the statement of claim is not sufficiently specific, in that it does not set forth the name of the purchaser at the foreclosure sale, and accordingly we enter the following

*Order*

And now, February 21, 1944, the rule to show cause, granted on the motion for a more specific statement, is made absolute, and plaintiffs are directed to file a new or amended statement of claim in conformity with the foregoing opinion within 15 days from this date, otherwise a motion for a non pros may be made: King et al. v. Brillhart, 271 Pa. 301; Winters v. Pennsylvania Railroad Co., 304 Pa. 243, 247; Rhodes v. Terheyden et al., 272 Pa. 397.